UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRELL PIERCE**                                              **CIVIL ACTION**

**VERSUS**

**NO. 21-511-BAJ-RLB**

**GARRISON PROPERTY AND**
**CASUALTY INSURANCE COMPANY**

## ORDER

Before the Court is Defendant's Motion to Compel filed on April 14, 2022. (R. Doc. 11). The deadline for filing an opposition expired on May 2, 2022. (R. Doc. 12). Accordingly, the motion is unopposed.

On January 6, 2022, Garrison Property and Casualty Insurance Company ("Defendant") served interrogatories and requests for production of documents on Darrell Pierce ("Plaintiff"). (R. Doc. 11-2). Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiff did not timely respond.

The parties scheduled a telephone conference to discuss the outstanding discovery responses. (R. Doc. 11-1 at 1-2). On March 14, 2022, the parties agreed that Plaintiff would provide responses by March 28, 2022, but Plaintiff did not provide the responses as agreed. (R. Doc. 11-1 at 2).

On April 14, 2022, Defendant filed the instant Motion to Compel, which seeks an order compelling Plaintiff to fully respond to Defendant's written discovery requests. (R. Doc. 11).

On April 29, 2022, the parties filed a Joint Motion for Extension of Discovery Deadlines. (R. Doc. 13).[1] This motion represents that Plaintiff provided the outstanding written discovery responses on April 28, 2022. (R. Doc. 13 at 1).

---

[1] This motion will be resolved by separate order.

Given the record, it appears that the Motion to Compel was meritorious. In addition, considering Plaintiff's failure to file any opposition or explanation for the delay in providing discovery responses, the Court will also award Defendant the recovery of reasonable expenses incurred in making the motion, including attorney's fees, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 11) is **GRANTED**. No further action is required by Plaintiff with respect to responding to the outstanding discovery requests. The parties must meet and confer prior to the filing of any further motion with respect to the sufficiency of Plaintiff's written responses provided after the filing of this motion.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing this Motion to Compel, and that Plaintiff shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves, or if Defendant no longer seeks fees, or the parties otherwise agree to a reasonable amount of attorney's fees and costs,[2] Plaintiff shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

---

[2] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.*, No. 16-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.

(3) Plaintiff shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on May 3, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**